# IN GENERAL TERM, 1874.

RICHARD J. BRIGHT, Appellant, v. JOHN M. LORD ET AL.

STOCK—owner of, when entitled to dividend on shares of.

On the 14th day of June, 1873, A agreed, at a stipulated price, to sell B 520 shares, of fifty dollars each, of the capital stock of the Indianapolis Rolling Mill Company, at B's option, to be taken by him at any time on, or before the 14th day of July, 1873. B paid $100 for the option. Before the expiration of the time, on the 14th day of July, 1873, the purchase money was paid, and the certificates of stock assigned to B.

On the 3d day of July, 1873, the Board of Directors of the I. R. M. Co., declared a dividend on the par value of the capital stock, payable on the 1st day of August ensuing. B claimed the dividend on the shares of his purchase, and sued for their recovery.

Held: To entitle the share holder to dividends, he must be the owner of the shares at the time the dividend is declared.

It is immaterial when the dividend is payable, it is still a debt to the owner of the shares at the time it is declared, and set apart, and does not pass with a transfer of the shares before the debt becomes due. In selling the shares, he does not sell the debt.

After a dividend is declared, the profits constituting the dividend are separate from, and do not pass with the stock.

*McDonald & Butler*, for appellant.

BLAIR, J.—The complaint in this case may be briefly stated as follows: On the 14th day of June, 1873, the defendant, Lord, and the plaintiff made a contract by which said defendants agreed to sell the plaintiff five hundred and twenty shares of the capital stock of the Indianapolis Rolling Mill Company, of fifty dollars, at an agreed price of

thirteen thousand dollars, "at the option of the plaintiff to be by him taken at any time on, or before the 14th day of July, 1873." The plaintiff paid the defendants one hundred dollars for the thirty days option. Before the expiration of the time, to wit, on the 14th day of July, the purchase money was paid, and the certificates of stock assigned to the plaintiff. The plaintiff avers that he purchased the stock without a reservation of any dividends, or earnings, and that while he had the right under the contract to become the purchaser of the stock, to wit, on the 3d day of July, 1873, the Board of Directors declared a dividend of five per centum on the par value of the capital stock, to be paid on the first day of August, 1873. It is then alleged that the corporation refuses to pay the same to the plaintiff, and threatens to pay it to the defendant, Lord.

A demurrer was overruled to the complaint, and an answer filed in general denial.

A trial of the cause at Special Term resulted in a judgment for the defendants. After a motion for a new trial was overruled, and the proper exception entered, the plaintiff appealed to General Term.

The only error assigned is the overruling of the motion for a new trial. The reasons embraced in the motion are, that the finding of the court is contrary to the evidence, and that the finding is contrary to law.

The evidence is in the record, and sustains in every essential particular the allegations of the complaint. During the negotiations nothing was said between the plaintiff, and defendant, Lord, about dividends. The plaintiff paid them one hundred dollars for the option given him to take the stock at the price fixed, at any time between the 14th day of June, and the 14th day of July, 1873. On the 2d day of July, 1873, the Board of Directors of the Rolling Mill Company were in session, it being their regular quarterly

session, and a report being made by the Secretary, showing the business of the corporation for the past year, on motion of John M. Lord, one of the defendants, and also a Director in the corporation, a dividend of five per cent. was declared, payable on the first day of August, 1873.

The question presented is this : to whom does this dividend belong?

The plaintiff claims that the contract of the parties must be construed to be this : that in consideration of the one hundred dollars paid by the plaintiff, he was to have the stock whenever he chose during the time specified, with all its incidents, and earnings in the same condition as it was on the day he paid his money; that is, on the 14th day of. June ; in other words, the plaintiff claims that when he accepted the offer on the 14th day of July, it related back to the time of the offer in June, and entitled him to all the property, and values represented by the stock at that time. In the second place, he claims that as he bought, and paid for the stock, and it was assigned to him before the dividend was payable, he is entitled to recover it.

We understand the contract to be, that the plaintiff had the privilege of taking the stock at any time from the making of the contract to the 14th day of July. He was under no obligation to take it. He had made no contract by which he could be compelled to take it. It rested entirely with himself whether he would ever become the owner of the the stock. He had merely bought the option to take, or not, within the time specified.

There is no charge, or intimation of fraud on the part of the defendants, nor was there any express contract with reference to the earnings, or dividends. There was no contract, or warranty that the value of the stock should not be depreciated. Shares of stock do not represent a specific interest in lands, or goods and merchandise, or money held

by a corporation. The owner of shares acquires certain rights in reference to the management of the corporate business, and the right to receive dividends declared on such stock. To entitle the shareholder to dividends he must be the owner of the shares at the time the dividend is declared.

*Jones* v. *The Terre Haute & Richmond R. R. Co.,* 29 *Barbour,* 353; *March* v. *The Eastern R. R. Co.,* 43 *N. H.,* 515; *Dow* v. *Gould and Curry Silver Mining Company,* 31 *Cal.,* 629. After a dividend is declared the profits constituting the dividend are separated from the stock, and do not pass with the stock. *Phelps* v. *The Farmers' and Mechanics' Bank,* 26 *Conn.,* 269.

It follows from this, that after a dividend is declared it becomes a debt from the corporation to the owner of the shares at the time the dividend is declared. This is expressly decided in the case of *King et al.* v. *The Patterson & Hudson River R. R. Co.,* 5 *Dutcher,* 505.

It makes no difference that the dividend is payable at a future day; in such case it is still a debt from the corporation to the owner of the shares at the time it is declared and set apart, and does not pass with a transfer of the shares before the debt becomes due. In selling the shares he does not sell the debt.

We are of opinion that until the plaintiff decided to take the stock, and completed his purchase on the 14th day of July, 1873, the defendants, Lord, were the owners of the stock, and the dividend declared on the 2d day of July, became on that day a debt to the said defendants from the corporation, and that they were entitled to receive it when it became due, and payable on the 1st day of August.

The judgment of the Court at Special Term is, therefore, affirmed.